# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

| | | |
|---|---|---|
| **LEONID GOLDSTEIN,** | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § § § | NO. 5:16-cv-211-C |
| **CLIMATE ACTION NETWORK, CERES INC, ROCKEFELLER BROTHERS FUND INC, GENERATION INVESTMENT MANAGEMENT US LLP, FORD FOUNDATION, THE PEW CHARITABLE TRUSTS, GREENPEACE INTERNATIONAL CORP, ENVIRONMENTAL GRANTMAKERS ASSOCIATION CORP, THE CONSULTATIVE GROUP ON BIOLOGICAL DIVERSITY CORP, SIERRA CLUB FOUNDATION CORP, WORLD WIDE FUND FOR NATURE TRUST, US CLIMATE ACTION NETWORK CORP, GLOBAL CALL FOR CLIMATE ACTION CORP, GENERATION INVESTMENT MANAGEMENT LLP, ALLIANCE FOR CLIMATE PROTECTION CORP, FENTON COMMUNICATIONS CORP, WORLD WILDLIFE FUND INC, GREENPEACE INC, GREENPEACE FUND INC, FRIENDS OF EARTH INTERNATIONAL CORP, FRIENDS OF THE EARTH US CORP, FRIENDS OF THE EARTH (ACTION) INC, ENVIRONMENTAL DEFENSE FUND, INC, ENVIRONMENTAL DEFENSE ACTION FUND CORP, NATURAL RESOURCES DEFENSE COUNCIL INC, NRDC ACTION FUND CORP, SIERRA CLUB CORP, EARTHJUSTICE CORP, THE UNION OF CONCERNED SCIENTISTS INC, THE PEW MEMORIAL TRUST, HOWARD PEW FREEDOM TRUST, MABEL PEW MYRIN TRUST, J.N. PEW JR CHARITABLE TRUST, THE JOHN D** | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |

54929288.1
54929288.3

| | |
|---|---|
| AND CATHERINE T MACARTHUR FOUNDATION, THE WILLIAM & FLORA HEWLETT FOUNDATION, THE DAVID AND LUCILE PACKARD FOUNDATION, TIDES FOUNDATION CORPORATION, TIDES :CENTER CORPORATION, CLIMATEWORKS FOUNDATION, THE ENERGY FOUNDATION, JOHN and JANE DOES 1-99,<br><br>     *Defendants*. | § § § § § § § § § § § |

**DEFENDANT WORLD WILDLIFE FUND, INC.'S SPECIAL APPEARANCE TO REQUEST REVIEW OF COMPLAINT FOR FRIVOLOUSNESS AND TO REQUEST AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT, <u>BRIEF IN SUPPORT, AND MOTION FOR EXPEDITED REVIEW</u>**

**TO THE HONORABLE SAM R. CUMMINGS, SENIOR UNITED STATES DISTRICT JUDGE:**

Defendant World Wildlife Fund, Inc. ("WWF") specially appears to request that this Court invoke its power to *sua sponte* dismiss the RICO complaint filed herein for being patently frivolous or, alternatively, issue its standard RICO Case Standing Order requiring Plaintiff to first file a RICO case statement for the Court to review and assess prior to Defendants being required to answer or otherwise respond to the complaint filed herein. <u>Given WWF and the other served Defendants' rapidly approaching answer deadline (October 13, 2016 for WWF), WWF requests *expedited review* of this Special Appearance.</u>

## I.
## SPECIAL APPEARANCE

Defendant WWF intends to move to dismiss the Complaint on a number of grounds which may include failure to state a claim upon which relief may be granted, lack of jurisdiction, improper venue and insufficient service of process, among other grounds, pursuant to Federal Rule of Civil Procedure 12(b). WWF appears now and files this special appearance pursuant to

-2-

54929288.1
54929288.3

Federal Rule of Civil Procedure 11(c)(3) for the *limited purposes* described above. By making this special appearance, WWF does not concede that this Court has jurisdiction over it or that venue for this case is proper, nor does it waive any other Rule 12 grounds for dismissal. *See Chemguard, Inc. v. Dynax Corp.*, 2010 U.S. Dist. LEXIS 146251 at *4 n.3 (N.D. Tex. 2010) (Means, J.) (defendant's motion requesting extension of time to file answer or otherwise respond does not constitute general appearance sufficient to waive right to challenge jurisdictional defects).

## II.
## INTRODUCTION

On September 13, 2016, Plaintiff Leonid Goldstein filed a 70-page complaint against 38 named defendants, as well as unnamed John and Jane Does 1-99. ECF #1. WWF was served on September 22, 2016, making its response to the Complaint due on October 13, 2016. *See* ECF #16. According to the Complaint, this action arises solely under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-1968, and common law (without citing any particular common law cause of action – see ECF #1, ¶ 9).

## III.
## ARGUMENT AND AUTHORITY

WWF specially appears now to request that the Court invoke its power to *sua sponte* dismiss Plaintiff's Complaint as patently frivolous before Defendants are required to expend the substantial resources necessary to file their respective motions to dismiss (and for the Court to review the same). According to the Supreme Court, if a claim based on federal-question jurisdiction "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous," then the Court has no jurisdiction and must dismiss. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89

(1998) (internal citations omitted). Such dismissals may be accomplished *sua sponte*, as "[t]his question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it. *Id.* at 94 (internal citation omitted); *see Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015) ("Conventional legal doctrine deems a suit frivolous if it is apparent from a reading of the complaint that there is no need to await the defendant's answer or motion to dismiss, or discovery or legal research, to determine that the case is going nowhere.").

Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Oneida Indian Nation of N. Y. v. County of Oneida*, 414 U. S. 661, 666 (1974); *see also Romero v. International Terminal Operating Co.*, 358 U. S. 354, 359 (1959).

Further, under Federal Rule of Civil Procedure 11(c)(3), the Court may, "[o]n its own, . . . order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

Plaintiff's RICO Complaint consists entirely of incoherent and generalized accusations against numerous non-profit and charitable organizations, public officials, and foreign governments. It depicts these unrelated entities as secret members of a global conspiracy perpetuating the idea of climate change in an alleged criminal scheme that Plaintiff refers to as the "Climate Alarmism Enterprise." (Complaint para. 2). Outlandish theories and nonsensical claims persist throughout the complaint, including the following:

- "[T]he Climate Cult (the dogma and practice of the climate alarmism) is the state religion in California and almost the state religion in the federal government." (Complaint para. 6).

- "[B]eginning from early 1988 through the present [Defendants] have been engaged in a mutually understood, agreed upon, and coordinated campaign of racketeering activity with the intent of obtaining huge profits, degrading American scientific and intellectual capacity, creating internal polarization, establishing the Climate Cult as the state religion, and undermining national energy infrastructure and economy." (Complaint para. 57).

- "Climate alarmism absorbed and put to its own use a lot of Nazi ideology. In particular, it adopted and applied the Nazi principle of propaganda: 'Make the lie big, make it simple, keep saying it, and eventually they will believe it.'" (Complaint para. 71).

- "Defendants . . . created and disseminated a conspiracy theory, in which Defendants' false claims about the physics of the atmosphere, plant biology, and the technical merits of energy conversion technologies were assumed as facts, the demands of foreign governments and non-governmental bodies were accepted as orders for America to obey, and the energy industry was blamed for any disagreement with those false claims and "failure" to obey those demands" (Complaint para. 105).

- "Having been corruptly influenced by or even having conspired with Defendants, US Attorney General Loretta Lynch has opened a case against 'climate change deniers', and had even referred this case to FBI, as she acknowledged in a press conference on March 9, 2016." (Complaint para. 142).

- "Defendants knowingly and willfully attempted or conspired to destroy most of the national energy infrastructure. If the object of these attempts or the conspiracies had been achieved, it would have resulted in millions of deaths." (Complaint para. 160).

Such statements reveal the patent frivolousness of Plaintiff's Complaint. Therefore, after initial review, this Court can and should dismiss the complaint *sua sponte*. *See Steel Co.*, 523 U.S. at 89.

Alternatively, WWF requests that the Court issue its standard RICO Case Standing Order requiring Plaintiff to first file a RICO case statement for the Court to review and assess prior to Defendants being required to answer or otherwise respond to the Complaint filed herein. Thereafter, if the Court determines that Defendants' answers or responsive pleadings are necessitated, WWF requests that the Court extend Defendants' deadlines to answer or respond to the Complaint to a time 21 days after the Court orders that Defendants answer or respond to the Complaint.

54929288.1
54929288.3

## IV.
## MOTION FOR EXPEDITED REVIEW

Again, Defendant WWF requests *expedited review* of this Special Appearance in light of its rapidly approaching deadline to answer or otherwise respond to the Complaint.

## V.
## PRAYER

WHEREFORE, WWF respectfully requests that the Court *sua sponte* dismiss Plaintiff's Complaint as patently frivolous. Alternatively, WWF requests that the Court enter its standard RICO case standing order, and dismiss Plaintiff's Complaint upon review of his response because the case is patently frivolous. In the event the Court does not dismiss after receiving Plaintiff's response, WWF requests twenty-one (21) days from such ruling to file an answer or respond to the Complaint. WWF requests all other relief, in law or in equity, to which it is justly entitled.

Date:  October 7, 2016

Respectfully submitted,

POLSINELLI PC

By: */s/ William B. Mateja*
William B. Mateja
Texas Bar No. 13185350
mateja@polsinelli.com
Jason C. Hoggan
Texas Bar No. 24083188
JHoggan@Polsinelli.com
2950 N. Harwood St., Suite 2100
Dallas, Texas 75201
Telephone: (214) 754-5751
Facsimile:  (214) 397-0033

By: */s/ Fernando M. Bustos*
Fernando M. Bustos
Texas Bar No. 24001819
Email: fbustos@bustoslawfirm.com
Aaron M. Pier
Texas Bar No. 24041694
Email: apier@bustoslawfirm.com
BUSTOS LAW FIRM, P.C.
1001 Main Street, Suite 501
Lubbock, Texas 79401
(806) 780-3976
(806) 780-3800 FAX

ATTORNEYS FOR DEFENDANT WORLD WILDLIFE FUND, INC.

54929288.1
54929288.3

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2016, I caused the foregoing document to be electronically transmitted to the Clerk of the Court using the ECF system for filing. A Notice of Electronic Filing was transmitted to all ECF registrants and I served the same document by U.S. mail on all counsel of record who are not ECF registrants.

                                          */s/ Fernando M. Bustos*
                                          Fernando M. Bustos

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 6, 2016, Jason Hoggan—counsel for WWF—conferred via telephone with Plaintiff regarding the relief in this motion. Plaintiff responded categorically that he is opposed to the relief sought in WWF's motion.

                                          */s/ Fernando M. Bustos*
                                          Fernando M. Bustos

54929288.1
54929288.3