# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

| | |
|---|---|
| LEONID GOLDSTEIN<br>*Plaintiff*<br><br>v.<br><br>CLIMATE ACTION NETWORK, CERES INC., ROCKEFELLER BROTHERS FUND INC., GENERATION INVESTMENT MANAGEMENT LLP, FORD FOUNDATION, THE PEW CHARITABLE TRUSTS, GREENPEACE INTERNATIONAL CORP., ENVIRONMENTAL GRANTMAKERS ASSOCIATION CORP., THE CONSULTATIVE GROUP ON BIOLOGICAL DIVERSITY CORP., THE SIERRA CLUB FOUNDATION CORP., WORLD WIDE FUND FOR NATURE TRUST, US CLIMATE ACTION NETWORK CORP., GLOBAL CALL FOR CLIMATE ACTION CORP., GENERATION INVESTMENT MANAGEMENT US LLP, ALLIANCE FOR CLIMATE PROTECTION CORP., FENTON COMMUNICATIONS CORP., WORLD WILDLIFE FUND INC., GREENPEACE INC., GREENPEACE FUND INC., FRIENDS OF THE EARTH INTERNATIONAL CORP., FRIENDS OF THE EARTH US CORP., FRIENDS OF THE EARTH (ACTION) INC., ENVIRONMENTAL DEFENSE FUND INC., ENVIRONMENTAL DEFENSE ACTION FUND CORP., NATURAL RESOURCES DEFENSE COUNCIL INC., NRDC ACTION FUND CORP., SIERRA CLUB CORP., EARTHJUSTICE CORP., THE UNION OF CONCERNED SCIENTISTS INC., THE PEW MEMORIAL TRUST, J. HOWARD PEW FREEDOM TRUST, MABEL PEW MYRIN TRUST, J.N. PEW JR. CHARITABLE TRUST, THE JOHN D. AND CATHERINE T. MACARTHUR FOUNDATION, THE WILLIAM & FLORA HEWLETT FOUNDATION, THE DAVID AND LUCILE PACKARD FOUNDATION, TIDES FOUNDATION CORPORATION, TIDES CENTER CORPORATION, CLIMATEWORKS FOUNDATION, THE ENERGY FOUNDATION, and JOHN AND JANE DOES 1-99<br>*Defendants* | CIVIL CASE NO.<br><br>5:16-cv-211-C |

1

**PLAINTIFF**

**BRIEF IN SUPPORT OF RESPONSE/OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................... 3
I.   SUFFICIENT SERVICE OF THE PROCESS ............................................. 3
II.  INCORRECT CERTIFICATES OF CONFERENCE ..................................... 4
III. CONCLUSION ................................................................................ 4

# INTRODUCTION

This Brief accompanies the Response/Opposition to the Motions to Dismiss filed by Defendants Friends of Earth International Corp. ("FOEI") and Global Call for Climate Action ("GCCA").

I incorporate by reference my Brief #121, accompanying my Response-Opposition #120, my Brief #55, and my Response-Opposition #24 and expand them to include FOEI and GCCA. Additional argument and authorities follow.

*Gil Ramirez Grp., L.L.C. v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 410-411 (5th Cir. 2015): "… loss of a legal entitlement is sufficient but not invariably necessary to sustain a RICO claim. A plaintiff need not show that the other party *would have been obliged* to confer a benefit, only that the other party *would have conferred* the benefit," but for corrupt activities by the defendants. Para 173-174 of the Original Complaint factually and plausibly allege lost income ("exceeding $30,000 from lost wages or other income just from January 1 through August 31, 2016"), third parties that would confer it ("companies in Texas and other states," where the names of the companies are either known to the Defendants or can be inferred: "Plaintiff resides and is employed as a software engineer in Texas"), and the corrupt activities of the Defendants that have caused me this loss ("The Defendants contacted multiple companies in Texas and other states, demanding them that they not hire Plaintiff and not to do any business with Plaintiff."). Thus, requests for dismissal under the Rule 12(b)(6) should be denied.

Additionally, motions to dismiss by the Defendants FOEI and GCCA should be denied because they are late. FOEI was served with the Summons on December 19, 2016, and must have responded by January 9, 2017. GCCA was served with the Summons on January 23, 2017, and must have responded by February 12, 2017.

## I.   SUFFICIENT SERVICE OF THE PROCESS

Under RICO, U.S. 18 U.S.C. § 1965(d): "All other [than subpoena] process in any action or proceeding under this chapter may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs."

Defendant GCCA is incorporated in Canada and claims an address in Canada. The true location of GCCA headquarters is not clear, since its executives apparently reside in multiple different countries. Alden Meyer, GCCA's Chair of the Board, is an officer of the Defendant UCS, conducting business of GCCA from the UCS Washington office. Defendant GCCA was found in the UCS Washington office, and properly and effectively served there by delivering the Summons to Mr. Meyer. The returned summons has been filed as ECF #128. Defendant FOEI transacts a substantial part of its affairs through Washington office of the

3

Defendant FOE-US.  Defendant FOEI was found in the office of Defendant FOE-US, and properly and effectively served there.  The returned summons has been filed as ECF #87.

I ask the Court to consider additional allegations, contained in the proposed First Supplemental Complaint #133-2, especially ongoing and escalating violence committed, funded, or aided by the Defendants, in deciding on their Motions to Dismiss.

## II.     INCORRECT CERTIFICATES OF CONFERENCE

The Motion for Leave to Join (#130) by Defendant GCCA and both Motions for Leave to Join (#129 & #131) by Defendant FOEI were accompanied by incorrect certificates of conference, wrongly stating that the motions were unopposed.  In fact, I had agreed not to oppose such motions only if filed by February 14.  All three motions were filed on February 17.  This might be a simple mistake, so I do not raise these facts as grounds to deny currently pending motions and do not seek sanctions.

## III.    CONCLUSION

For the foregoing reasons and other consideration of the law and justice, I respectfully request that this Court denies all the Motions to Dismiss by all Moving Defendants, and provides me all other relief, in law or in equity, to which I am justly entitled.

Dated March 1, 2017.

/s/ Leonid Goldstein

Leonid Goldstein, *pro se*

12501 Tech Ridge Blvd., #1535

Austin, TX 78753

(408) 921-1110

ah@defyccc.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on November March 1, 2017, I caused the foregoing document to be electronically transmitted to the Clerk of the Court using the ECF system for filing. A Notice of Electronic Filing was transmitted to all ECF registrants.

/s/ Leonid Goldstein

Leonid Goldstein, *pro se*
