# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

| | |
|---|---|
| LEONID GOLDSTEIN<br>    *Plaintiff*<br><br>v.<br><br>CLIMATE ACTION NETWORK, CERES INC., ROCKEFELLER BROTHERS FUND INC., GENERATION INVESTMENT MANAGEMENT LLP, FORD FOUNDATION, THE PEW CHARITABLE TRUSTS, GREENPEACE INTERNATIONAL CORP., ENVIRONMENTAL GRANTMAKERS ASSOCIATION CORP., THE CONSULTATIVE GROUP ON BIOLOGICAL DIVERSITY CORP., THE SIERRA CLUB FOUNDATION CORP., WORLD WIDE FUND FOR NATURE TRUST, US CLIMATE ACTION NETWORK CORP., GLOBAL CALL FOR CLIMATE ACTION CORP., GENERATION INVESTMENT MANAGEMENT US LLP, ALLIANCE FOR CLIMATE PROTECTION CORP., FENTON COMMUNICATIONS CORP., WORLD WILDLIFE FUND INC., GREENPEACE INC., GREENPEACE FUND INC., FRIENDS OF THE EARTH INTERNATIONAL CORP., FRIENDS OF THE EARTH US CORP., FRIENDS OF THE EARTH (ACTION) INC., ENVIRONMENTAL DEFENSE FUND INC., ENVIRONMENTAL DEFENSE ACTION FUND CORP., NATURAL RESOURCES DEFENSE COUNCIL INC., NRDC ACTION FUND CORP., SIERRA CLUB CORP., EARTHJUSTICE CORP., THE UNION OF CONCERNED SCIENTISTS INC., THE PEW MEMORIAL TRUST, J. HOWARD PEW FREEDOM TRUST, MABEL PEW MYRIN TRUST, J.N. PEW JR. CHARITABLE TRUST, THE JOHN D. AND CATHERINE T. MACARTHUR FOUNDATION, THE WILLIAM & FLORA HEWLETT FOUNDATION, THE DAVID AND LUCILE PACKARD FOUNDATION, TIDES FOUNDATION CORPORATION, TIDES CENTER CORPORATION, CLIMATEWORKS FOUNDATION, THE ENERGY FOUNDATION, and JOHN AND JANE DOES 1-99<br>    *Defendants* | CIVIL CASE NO.<br><br>5:16-cv-211-C |

1

**PLAINITFF'S REPLY TO RESPONSE/OPPOSITION BY 29 DEFENDANTS**

**TO THE HONORABLE U.S. DISTRICT COURT:**

This is a Reply to the Response/Opposition (ECF #134 & a duplicate ECF #135) to the Motion for Leave to File the First Supplemental Complaint.  The Response/Opposition has been filed by 29 named Defendants ("the Opposing Defendants").

The Defendants Tides Foundation, Tides Center, Greenpeace International, Greenpeace Fund, Greenpeace Inc., Friends of the Earth International, Friends of the Earth US, Friends of the Earth (Action), Sierra Club, Sierra Club Foundation, and Fenton Communications did not join the Opposing Defendants in their Response/Opposition. They might appreciate futility of such opposition, or they might welcome the opportunity to answer Original Complaint and the First Supplementary Complaint in the same or nearly the same time.  Greenpeace International, Greenpeace Fund, Greenpeace Inc. are among defendants in an unrelated civil RICO lawsuit (Resolute Forest Products, Inc. et al v. Greenpeace International et al; docket 1:16-cv-00071 in the in the Federal Court for the Southern District of Georgia,) and have more RICO experience.

The Opposing Defendants in their Response and accompanying Brief mischaracterized both the Original Complaint and the First Supplementary Complaint.

## I.     DELAY BY DILATORY TACTICS BY DEFENDANTS

I seek resolution of the lawsuits on merits as quickly as possible. The Original Complaint was filed on 09/12/2016, Summons was served on 12 out of 40 Defendants by 09/26/2016, and Requests to Waive the service of Summons were mailed to all remaining Defendants on 11/07/2016.  Some of the Defendants that had received the Requests failed to waive the service, and I was forced to have them served.  I had to serve the Defendant GCCA twice because it is does not publicly disclose where in the US it conducts its affairs.  Two of the served Defendants, GCCA and FOEI, failed to respond or otherwise appear in the lawsuit within 21 days of the service of Summons (which was performed after they had failed to waive the service of Summons), as required by the Law.  I had to nudge them to appear through Attorneys for other parties, and then waited until they filed their motions to dismiss.  Defendants GCCA and FOEI filed their respective motions on 02/19/2017, although they knew of the lawsuit long before being served.  The Defendant GCCA has been served in the offices of the Defendant UCS.  The Chairman of the Defendant GCCA is a high-ranking officer if the Defendant UCS. Other

Defendants were filing or joining motions to dismiss starting on 10/07/2016, and I timely opposed each of those motions.  Thus, all delays were caused by Defendants.  Each day, the Defendants participate in managing and operating a criminal enterprise.  The Defendants also collaborate in their defense.  Thus, none of the Defendants can claim that filing of the First Supplemental Complaint is prejudicial to them.

## II.     DEFENDANTS' CLAIMS OF UNDUE BURDEN ARE RIDICULOUS

Both the Original Complaint and the Fist Supplemental Complaint are straightforward.  Allegations regarding each Defendant are strong and clear-cut.  The Defendants even had gall to call them "outlandish" and similar names.  It would take only few hours for any legitimate corporation to answer both the Original Complaint and the Fist Supplemental Complaint, denying all acts of wrongdoing, alleged in them.  Instead, Defendants tried to stall the progress of the lawsuit by filing motions to dismiss, failing to waive the services of Summons, attempting to ignore the Summons.  Defendants also doubled down on their illegal misconduct.  And since the Defendants have committed the alleged wrongdoing, they do need to expend significant resources to figure out what to admit, what to deny, and how to do that.  This kind of expenses does not create a basis to deny the Motion for Leave to File.  Otherwise, these facts confirm that the Motion for Leave to File should be granted.  The Defendants are burdened by their crimes, not by my complaint.

6 months have passed from filing the Original Complaint, but none of the Defendants filed answers.  Meanwhile, they committed additional violations, similar or worse than those alleged in the Original Complaint.  That necessitates supplementation of the Original Complaint.  The First Supplemental Complaint is short, and the Defendants will have to answer for the acts described in it anyway.  Thus, the Defendants are not prejudiced, and even benefit from an opportunity to answer to the Original Complaint and the Supplemental Complaint at the same or nearly the same time.

All the Defendants are large and sophisticated entities with the total net worth around $40 Billion or more.

## III.     EVENTS AFTER FILING THE ORIGINAL COMPLAINT

The Defendants assert that para 14–23 and 37–59 of the First Supplemental Complaint relate to "purported" events that happened before filing the Original Complaint and that I had access to

3

information about these "purported" events by the date of filing the Original Complaint. This assertion is incorrect for each of the mentioned paragraphs.

Para 14: "The Defendants fund, teach, counsel, inflame, threaten, and organize politically motivated violence …" This statement relates to the date of the Supplemental Complaint filing, 02/21/2017.  I did not know whether that was correct for the date of the Original Complaint, 09/12/2017.

Para 15–23 describe events that became publicly known only after filing the Original Complaint. The information was concealed and suppressed by Defendants.  Para 20 also supply some background information.

Para 37, 52–55 relate to the composition of Ceres Board and President's Council, as listed on the website of the Defendant Ceres, on the date of the First Supplemental Complaint filing.  I did not know what was the composition of Ceres Board and President's Council on the date of the Original Complaint.

Para 38–51, 56–59 set out events and transactions that could not be understood or even noticed by someone like me on the date of the Original Complaint.  They were noticed and understood by me later in the light of the events that happened after filing the Original Complaint, including information from Exhibit #55-12, obtained on 10/23/2016.

In each case when the event happened filing the Original Complaint, the Defendants actively concealed, buried, or falsified relevant information, thereby denying the public, including myself, access to it.

## IV.   MISCELLANEOUS

The Original Complaint was verified by the Affidavit (ECF #55-1), accompanying my Brief, filed on 11/02/2016.  The same Affidavit, together with the accompanying Declaration (ECF #55-2) and Exhibits (ECF #55-3 to 55-19) introduced evidence supporting many of the allegations in the First Supplemental Complaint. The Defendants failed to dispute these facts with their own affidavits and resorted to name calling.

The Opposing Defendants made ungrounded assertion that all of them are non-profit and charitable organizations.  Both "non-profit" and "charitable" self-designations by Generation Investment Management LLP and Generation Investment Management US LLP are patently

false. Both "non-profit" and "charitable" self-designations by other Opposing Defendants are in dispute.

The text of the Response to the Motion for Leave to file the Fist Supplemental Complaint shows frivolous nature of the Opposing Defendants' motions to dismiss.  The First Supplemental Complaint alleges actions, committed within few miles from the Courthouse, yet the Defendants still assert the lack of personal jurisdiction and improper venue!  The Supplemental Complaint alleges multiple acts of embezzlement from pension funds with particularity, yet the Defendants sill assert a failure to state a claim.  Apparently, the Defendants imagine that they are too big to be sued in this Court.

## V.   CONCLUSION

For the foregoing reasons and other consideration of the law and justice, I respectfully request that this Court grants the Motion for Leave to File the First Supplemental Complaint in time and manner that would accelerate resolution of the lawsuit on merits, and provides me all other relief, in law or in equity, to which I am justly entitled.

Dated March 13, 2017.

/s/ Leonid Goldstein

Leonid Goldstein, *pro se*

12501 Tech Ridge Blvd., #1535

Austin, TX 78753

(408) 921-1110

ah@defyccc.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2017, I caused the foregoing document to be electronically transmitted to the Clerk of the Court using the ECF system for filing. A Notice of Electronic Filing was transmitted to all ECF registrants.

/s/ Leonid Goldstein

Leonid Goldstein, *pro se*
